**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

        Plaintiff,

        vs.                              CRIMINAL NO. 11-CR-30152-DRH

**DAVID CLARKE,**

        Defendant.

## PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO FED.R.CRIM.P 32.2 WITH RESPECT TO DAVID CLARKE

In the Information filed in the above cause on September 8, 2011, the United States sought forfeiture of property of defendant, David Clarke, pursuant to 21 U.S.C. § 853. The Court, upon consideration of the guilty plea received in this matter hereby finds by a preponderance of evidence that the following property is forfeitable and hereby orders forfeited the following property:

1. $196,635.00 in United States currency seized from Sandra Clarke and Linda Spence on February 26, 2008;

2. $187,290.00 in United States currency seized from David Clarke and Linda Spence on March 3, 2008;

3. $136,420.00 in United States currency seized from Sandra Clarke and Linda Spence on February 26, 2008;

4. $90,291.00 in United States currency seized from Linda Spence on March 3, 2008; and

5. Five million five-hundred thousand dollars ($5,500,000.00) in United States funds.

The United States shall provide notice of the forfeiture and the right of persons

other than the defendant who have any claim or legal interest in any of the property listed as Items 1 through 4 above to file a petition with the Court. The notice shall be provided in a manner consisted with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the release.

The United States may, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property listed as Items 1 through 4 above, as the substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal shall seize and reduce to his possession, if he has not already done so, the above-described property.

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become final with respect to defendant David Clarke at the time of the defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time. This Order shall be made part of the sentence of defendant David Clarke and shall be included in the Judgment

imposed against the defendant.  Although this Order is a final order with respect to the defendant, this Order may be later amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.

A forfeiture judgment is entered in favor of the United States and against defendant David Clarke in the amount of $5,500,000.00.  This judgment may be enforced as an ordinary monetary judgment, by the forfeiture of substitute assets, or by a combination of both, as long as double recovery is not obtained by the government.

In addition, any of the cash listed in Items 1 through 4 above which is ultimately forfeited to the United States shall be credited towards the $5,500,000.00 judgment.

The United States may abandon forfeiture of any of the property by filing notice of same with the Court.

**IT IS SO ORDERED.**

**Dated:  January 24, 2012**

David R. Herndon
2012.01.24
09:45:55 -06'00'

**Chief Judge**
**United States District Court**